UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60288-CIV-DAMIAN/STRAUSS

WEBBY SAINTCY,

      Plaintiff,

vs.

FLORIDA DEPARTMENT
OF REVENUE CHILD SUPPORT
PROGRAM, *et al.*,

      Defendants.

_____/

**ORDER AFFIRMING REPORT AND RECOMMENDATION [ECF NO. 38]
AND GRANTING MOTION TO DISMISS [ECF NO. 32]**

THIS CAUSE is before the Court on the Report and Recommendation by United States Magistrate Judge Jared M. Strauss, filed August 23, 2024 [ECF No. 38], in which the Magistrate Judge recommends granting Defendants, Sharleen Rostant's, Debbie Frank's, Margarita Ruiz's, Ann Coffin's, and the Florida Department of Revenue Child Support Program's (collectively, "Defendants"), Motion to Dismiss [ECF No. 32 (the "Motion")], and denying all other motions as moot.

THE COURT has considered the Report and Recommendation ("Report"), Plaintiff, Webby Saintcy's, Objections [ECF No. 39], Defendants' Response thereto [ECF No. 40], the record in this case, and relevant authorities and is otherwise fully advised.

## I.      BACKGROUND

This case arises out of events involving an order garnishing Plaintiff's wages based on the alleged failure to pay child support. On February 20, 2024, Plaintiff, Webby Saintcy ("Plaintiff" or "Saintcy"), filed a Complaint asserting various claims against members of the

Florida Department of Revenue Child Support Program. [ECF No. 1]. Saintcy filed an Amended Complaint on May 9, 2024. [ECF No. 27]. The Amended Complaint asserts seven causes of action against Defendants and seeks compensatory damages, punitive damages, and injunctive relief. The matter was referred to Magistrate Judge Strauss for a report and recommendation on dispositive matters. *See* ECF No. 20.

On June 6, 2024, Defendants filed their Motion to Dismiss the Amended Complaint. [ECF No. 32]. After the Motion was fully briefed, on August 23, 2024, Magistrate Judge Strauss entered his Report and Recommendation [ECF No. 38 (the "Report")] recommending the Court grant the Motion.

On September 3, 2024, Plaintiff timely filed Objections to the Magistrate Judge's Report ("Objections") [ECF No. 39], to which Defendants responded. [ECF No. 40]. The matter is now ripe for this Court's consideration.

## II.   APPLICABLE LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper, however, if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL

4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

This Court has carefully and *de novo* reviewed the parties' written submissions, the record, and applicable law.

## III.    THE REPORT AND OBJECTIONS

In a thorough and comprehensive analysis, Magistrate Judge Strauss considered whether the Court has subject matter jurisdiction. The Magistrate Judge determined the Court lacks subject matter jurisdiction over any claims brought against Defendants in their official capacities. To the extent any claims are brought against Defendants in their individual capacities, the Magistrate Judge determined that Saintcy fails to state a claim upon which the Court could grant relief.

In his Objections,[1] Saintcy contends that: (1) the designation of the Magistrate Judge is against the law; (2) the Eleventh Amendment does not bar suit against a public servant in their official capacity when the state has no authority to order the acts in question; (3) he has standing to bring suit; (4) "Plaintiff has jurisdiction for claim under 42 U.S.C.§ 1983 [sic] as alleged in the Complaint[;]" (5) "The domestic relation abstention doctrine does not apply[;]" (6) the Complaint states a claim under the *Iqbal* standard; (7) he sued officials of the Department of Revenue in individual and official capacities; (8) the *Rooker-Feldman* doctrine does not apply because there was no state court case; (9) "the case should be decided on merits and only with hearing the Parties[;]" (10) the Report should have addressed his allegation that he was never duly served with notice regarding administrative child support order proceedings; and (11) the Report does not address the fact that he has amended his Complaint. *See generally* Objections.

This Court addresses each Objection in turn.

## IV.   ANALYSIS

As to Saintcy's first objection, the designation of the Magistrate Judge is in fact lawful. By federal statute, "a judge may designate a magistrate judge to . . . submit to a judge of the court proposed . . . recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A) . . ."[2] 28 U.S.C. § 636(b)(1)(B). Accordingly, this Court is satisfied that the designation of Judge Strauss to issue a Report and Recommendation is lawful, and therefore the first objection is overruled.

---

[1] The Court renumbers Saintcy's objections because the numbering scheme used in his Objections failed to provide the Court with a coherent mode of organization.

[2] In turn, subparagraph (A) excepts a motion "to dismiss for failure to state a claim upon which relief can be granted[.]" 28 U.S.C. § 636(b)(1)(A).

With regard to Saintcy's second objection, the undersigned agrees with the Magistrate Judge that the *Ex parte Young* doctrine does not apply here to provide an exception to immunity. That is, Saintcy's claims do not qualify for application of the *Ex parte Young* doctrine because (1) this doctrine cannot be applied to adjudications of past conduct, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, Inc., 506 U.S. 139, 146 (1993); (2) Saintcy offers hypothetical rather than imminent future similar acts, *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999); and (3) to the extent Saintcy's claims arguably address ongoing and continuous conduct, they only address state law, and, as such, do not fall within the *Ex parte Young* doctrine, *see Brown v. Coffin*, No. 8:24-CV-00385-WFJ-NHA, 2024 WL 2304372, at *1, 4–5 (M.D. Fla. May 6, 2024), *report and recommendation adopted*, 2024 WL 2293039 (M.D. Fla. May 21, 2024). In any event, even if the *Ex parte Young* doctrine somehow applied, the claims are also barred by the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Plaintiff's second objection is therefore overruled.

As to Saintcy's third objection, Judge Strauss did not find that Saintcy lacks standing, and his recommendation to grant the Motion is not based on any finding that Saintcy lacks standing. Because of this, Saintcy's third objection is irrelevant and is therefore overruled.

Saintcy's fourth objection merely restates the basic elements of a § 1983 claim and thus does not advance any substantive objection. It is therefore overruled.

As for Saintcy's fifth objection, the undersigned is unable to discern where Judge Strauss discusses the "domestic relation abstention doctrine." The only abstention doctrine discussed by Judge Strauss is the *Rooker-Feldman* doctrine. To the extent Saintcy's fifth objection is meant to identify the *Rooker-Feldman* doctrine, that doctrine is discussed *infra* with respect to Saintcy's eighth objection. Because, as discussed below, the undersigned agrees

with Judge Strauss's findings with respect to the *Rooker-Feldman* doctrine, Saintcy's fifth objection is overruled.

With respect to Saintcy's sixth objection, the Court finds that it is too general to address and agrees with Defendants that this particular objection is devoid of any reference directed to a specific portion of the Report. Saintcy's sixth objection is therefore improper and, as such, is overruled.

In his seventh objection, Saintcy is correct that he sued officials of the Department of Revenue in both their individual and official capacities. Nevertheless, Judge Strauss engaged in a thorough analysis of both bases for relief, and the Report offers independent reasons for dismissing claims that fall into either of these two categories. First, Saintcy's claims against officials in their official capacities are barred by Eleventh Amendment sovereign immunity. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018). Saintcy's claims do not qualify for the *Ex parte Young* doctrine (as explained in the discussion regarding the second objection, *supra*), and are in any event barred by the *Rooker-Feldman* doctrine. Second, Saintcy's claims against officials in their personal capacities fail to state a claim upon which the Court could grant relief. As to Count 1, the officials in question are entitled to qualified immunity on the facts as alleged by Saintcy. *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017). Count 2 is merely a restatement of Count 1 and, therefore, fails to state a claim for the same reasons. Counts 3 and 4 are wholly conclusory and thus due to be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Count 5 fails to state a § 1983 claim by failing to plausibly allege any constitutional violation. Count 6 fails to plead any allegations against Defendants in their individual capacities. And Count 7 is wholly conclusory, merely

reciting the elements of a claim for Intentional Infliction of Emotional Distress. *See id.* For all of these reasons, this Court overrules Saintcy's seventh objection.

Saintcy's eighth objection fails to recognize Judge Strauss's discussion on pages 14-15 of the Report, in which Judge Strauss explains that the Income Deduction Order and the Final Administrative Paternity and Support Order have the same effect as a state court order, and thus, the *Rooker-Feldman* doctrine applies to bar any claims in which Saintcy seeks an injunction requiring withdrawal or invalidation of those orders. Saincty's Affidavit of Non-Suit, offered to show that there was no state court case, is therefore irrelevant. Finally, a review of the Report reflects that Judge Strauss' recommendation does not depend on the *Rooker-Feldman* doctrine. Rather, the doctrine merely buttresses his recommendation. *See* Report at 16 ("Therefore, even if a portion of Saintcy's claims against Defendants in their official capacities could escape dismissal under the Eleventh Amendment, the Court lacks jurisdiction under the *Rooker-Feldman* doctrine."). Thus, Saintcy's eighth objection is overruled.

To the extent Saintcy's ninth objection simply asserts, in a conclusory manner, that the case should survive the Motion, it is overruled without further comment. To the extent Saintcy intends to argue in his ninth objection that the Court cannot decide the Motion without first holding a hearing, he is mistaken. District courts have the discretion to resolve parties' motions without an evidentiary hearing. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). A court does not abuse its discretion when it decides a motion to dismiss for lack of jurisdiction without an evidentiary hearing "when neither party makes a timely and unequivocal request for a [ ] hearing." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1251 (11th Cir. 2005). Here, neither party made a request for

a hearing in the briefing on the Motion. *See* ECF Nos. 32, 35, and 36. Saintcy's ninth objection is therefore overruled.

Saintcy's tenth objection, that Judge Strauss failed to consider that Saintcy was never duly served with notice regarding administrative child support order proceedings, advances an argument he did not make in his Response to the Motion. *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001) (explaining that a party waived an argument by failing to raise it in response to a motion). What's more, Saintcy does not explain how the result would be different if Judge Strauss had considered this allegation. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Saintcy's tenth objection is therefore overruled.

As to Saintcy's eleventh and final objection, the Report acknowledges that Saintcy filed his First Amended Complaint on May 9, 2024, *see* Report at 3, and refers to this Amended Complaint throughout the Report. Saintcy's final objection, in which Saintcy avers that Judge Strauss did not consider the fact that he amended his complaint, is therefore overruled.

## V.      CONCLUSION

Having conducted a *de novo* review of the record in this case and of Magistrate Judge Strauss's thorough and astute analysis, and also viewing Saintcy's filings with the leniency due pro se filings, the undersigned fully agrees with the analysis and recommendations stated in Judge Strauss's Report.  Accordingly, it is

**ORDERED AND ADJUDGED** that

1.      The Report and Recommendation **[ECF No. 38]** is **AFFIRMED** and

**ADOPTED**.

2.      Defendants' Motion to Dismiss **[ECF No. 32]** is **GRANTED**.

3.      The Clerk is directed to **CLOSE** this case.  Any pending motions are **DENIED**

**AS MOOT**.

        **DONE AND ORDERED** in Chambers in the Southern District of Florida, this 23rd

day of September, 2024.

_____

        **MELISSA DAMIAN**
        **UNITED STATES DISTRICT JUDGE**

cc:     counsel of record